# PARKER HANSKI LLC
40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:     212.248.5600

November 30, 2023

<u>Via ECF</u>
The Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:   <u>Pre-Conference Statement
      *Amy Meisner v. 623 Ninth Avenue Associates, LLC and and Lotus West Corp.*
      Docket No. 1:23-cv-05833 (ALC) (BCM)</u>

Dear Judge Moses:

Plaintiff submits this pre-conference statement solely on her own behalf. Plaintiff does so as defendants refused to submit a pre-conference statement jointly with plaintiff. Instead, in response to one of plaintiff's emails to defendants asking for comments to the proposed joint statement, defendants' counsel wrote:

> As indicated in my earlier email [of today], I will not be able to review this today. I had alerted you that I would be out of the office this week when we adjourned the conference that was initially scheduled for this week. I will not be back in the office until Monday. Had we began working on a joint submission a few days ago I would have been able to find time to review, edit and send back while on holiday. But sending it to me the morning it was due did not provide sufficient time.
>
> As I indicated earlier [today] I am sending you defendants' position to be included in the below when you file the proposed submission. I've done my best to make my position as neutral as possible.
>
> **Please be sure to Identify *[sic]* that this is not a joint submission and that it is being submitted solely by plaintiff** (emphasis added).[1] Email from Wylie Steckl to Adam Hanski dated November 30, 2023.

---

[1] Defendants' demanded language for inclusion is: "Defendants extend their apologies to the Court for being unable to review this pre-conference submission. Even though this Honorable Court alerted the parties more than six weeks ago to the requirement that this document be submitted at least seven days prior to the initial conference, only this morning was there any communication on this joint submission. As counsel for defendants had previously identified that he would be out of the office this week, he is therefore unavailable to review this proposed submission today. As such, Defense counsel must unfortunately respectfully request to have the date for this

As shown above, Defendants' counsel refused to work on a joint pre-conference statement.  And worse yet, Defendants' "position" contains factual misrepresentations.  Plaintiff notes that Defendants and their counsel never "alerted" plaintiff that they would be unavailable the week of Nov. 27, 2023.  Defendants, in their letter to the Court seeking an adjournment of the previously scheduled conference (ECF Doc 20), only advised that their counsel is out of the country on November 28, 2023.  Defendants never "alerted" the Court or plaintiff that their counsel was unavailable the entire week of November 27.  Additionally, Defendants' counsel advised the Court that he was available to attend the conference on November 28, 2023 via Teams, yet remarkably he was unable to comment substantively on the below pre-conference statement prepared by plaintiff.

As the foregoing makes clear, plaintiff, submits this pre-conference statement solely on her own behalf.

**(1)     The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented. The Court expects each party's principal trial attorney to attend the conference;**

The initial pre-trial conference is scheduled for December 7, 2023 at 11.00am.  Appearing for the parties are,

Plaintiff:

Robert G. Hanski/Adam S. Hanski; Parker Hanski LLC, 40 Worth Street, Suite 602, New York, NY  10013; (t) 212.248.7400

Defendants:

Unknown

**(2)     A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c);**

a.      Nature of the Case

Plaintiff claims that the defendants own, operate, and maintain a public accommodation, a restaurant, that violates, among other things, the Standards for Accessible Design – Appendix A to 28 C.F.R. Part 36.  The plaintiff, who uses a wheelchair, seeks injunctive relief to compel the defendants to, among other things, make their premises readily accessible and usable to the disabled plaintiff, and monetary relief. Plaintiff brings this lawsuit to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*. and its implementing regulations, the New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative

---

submission be extended until December 5 so he can have sufficient time to review the proposed submission sent over earlier today."

Code of the City New York § 8-107.  Plaintiff sued defendants because they intentionally barred Plaintiff and other individuals with wheelchair mobility from their premises.

b. Defenses.

**(3) A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so;**

Forty-five (45) days after plaintiff serves her expert report.

**(4) A proposed discovery schedule including:**

a. A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished:

December 21, 2023.

b. Dates for the service of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3):

January 5, 2024.

c. A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed:

March 15, 2024.

d. A date for the close of all fact discovery:

April 5, 2024.

e. Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary;

Plaintiff's expert disclosures:  May 23, 2024.

Defendants' expert disclosures:  June 13, 2024.

f. A date for the close of all discovery, including expert depositions.

July 8, 2024.

**(5) Any proposed limitations to be placed on discovery, including protective or confidentiality orders. The parties may (but are not required to) use the Model Protective Order found on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.**

Plaintiff does not seek any limitations on discovery beyond those provided by law.

**(6) Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information);**

None.

**(7)    A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court;**

March 5, 2024.

**(8)    When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.**

Plaintiff requests a referral to the Court-annexed mediation program after the close of fact discovery and after an expert inspection of the restaurant by plaintiff's expert.

**(9)    A date for the filing of pre-motion conference requests regarding summary judgment.**

July 15, 2024.

**(10)   The anticipated length of trial and whether a jury has been requested.**

Plaintiff has requested a jury trial and plaintiff anticipates the length of trial to be 3 to 5 days.

**(11)   Whether the parties wish to consent to trial before the designated magistrate judge.**

Thank you for your attention to this matter.

Respectfully submitted,

/s/
Robert G. Hanski, Esq.
Parker Hanski LLC

*Attorneys for Plaintiff*