**PARKER HANSKI LLC**
40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX: 212.248.5600

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___________
DATE FILED: 2/21/2024

February 20, 2024

MEMO ENDORSED

*Via ECF*
The Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
40 Foley Square
New York, NY 10007

Re: *Request for Discovery Conference*
*Amy Meisner v. 623 Ninth Avenue Associates, LLC and Lotus West Corp.*
*Docket No. 1:23-cv-05833 (ALC) (BCM)*

Dear Judge Moses:

We represent the plaintiff in the above-entitled action and write to respectfully ask the Court to schedule a pre-motion conference for the purposes of discussing plaintiff's need to make a motion to compel defendants 623 Ninth Avenue Associates, LLC and Lotus West Corp. (collectively, "***Defendants***") to immediately respond to plaintiff's First Request for Documents and First Set of Interrogatories (collectively, "***Plaintiff's Discovery Demands***") without objections.[1]

Plaintiff apologizes for bringing this issue to the Court's attention but she has no choice as Defendants refuse to respond to her.[2] Before making this application, plaintiff made multiple good faith attempts to resolve Defendants' default to no avail. Plaintiff first notified Defendants of their failure to respond on January 17, 2024, and after receiving no response, plaintiff thereafter attempted to confer in good faith by telephone with Defendants' counsel to resolve the discovery dispute.[3]

The discovery at issue is relevant to the discrimination claims raised by plaintiff in her

[1] Plaintiff's Discovery Demands were served on December 11, 2023. As Defendants failed to respond to Plaintiff's Discovery Demands within 30 days as required by Rules 34 and 33(b) of the Federal Rules of Civil Procedure (F.R.C.P.), as a matter of law they waived all of their objections. See *Rahman v. Smith & Wollensky*, 2007 WL 1521117 at *2 (S.D.N.Y. 2007).

[2] In an attempt to feign a response to delay plaintiff's motion to the Court regarding the present dispute, at 8.09 pm tonight (February 20, 2024) Defendants' counsel emailed the undersigned stating: "[s]orry I am out of town this week, but I will make sure we connect early next week."

[3] The undersigned emailed defendant's counsel on January 17, 2024 and February 16, 2024 seeking to schedule a telephonic "meet and confer" on multiple specified dates. Defendants' counsel did not respond to the first email and feigned a response to the second email. See footnote 1 *supra*.

Complaint[4] and the affirmative defenses raised by Defendants in their Answer. Absent an order compelling discovery, plaintiff is unfairly prejudiced because Defendants' litigation abuses constrain plaintiff's ability to prosecute her claims. Similar to Defendants' unlawful exclusion of the disabled from their restaurant, Defendants deceitfully bar plaintiff from developing relevant evidence to meet her burden regarding her discrimination claims and to disprove Defendants' affirmative defenses.

Plaintiff's Discovery Demands are directly relevant to her public accommodation discrimination claims as they relate to three core areas from which such public accommodation discrimination arises. These three core areas are: (1) architectural, which relates to prohibited design and construction barriers, as well as the design and construction accessibility required at places of public accommodation; (2) financial, which relates to amounts improperly diverted from, and required for, accessibility; and (3) operational, which relates to the discriminatory policies and practices that have disparately impacted plaintiff.

The core areas covered in Plaintiff's Discovery Demands are also directly relevant to the factual issues underlying Defendants' affirmative defenses to public accommodation discrimination, including its architectural, financial and operational defenses.[5]

a. <u>Architectural</u>

Plaintiff's discovery seeks architectural records and construction related documents, including costs (*e.g.*, building plans and permits, property surveys and due diligence reports). As shown above, such documents are germane to plaintiff's claims of discrimination and to show that the architectural and construction components of Defendants' not readily achievable and equivalent facilitation defenses are unsound.

b. <u>Financial</u>

Plaintiff further seeks financial information from Defendants (*e.g.*, the nature and cost of making the premises accessible, overall financial resources of the site, effect on expenses and resources) as it is relevant to the financial portion of Defendants' readily achievable and undue hardship defenses and damages. Plaintiff also seeks ownership and leasing information as they

---

[4] Plaintiff brought her action, seeking remediation of the architectural barriers extant at Defendants' public accommodation, pursuant to Title III of the Americans with disabilities Act, 42 U.S.C. § 12181 *et seq*. (the "***ADA***"), New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City of New York (collectively, the "***Accessibility Laws***").

[5] Defendant's affirmative defenses include architectural, financial and operational defenses, including: (i) "[t]he removal of the barriers to access are not readily achievable"; (ii) "full compliance with the accessibility requirements for the alleged barriers identified in the Complaint is structurally impracticable and/or technically infeasible"; (iii) "providing reasonable accommodations that Plaintiff is requesting would have caused Defendants to suffer an undue hardship" (iv) "Defendants provided an alternate method of access"; and (v) "[t]he premises provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities, and services." See ECF Docket No. 17.

are relevant to confirm what parties, if any, other than Defendants, own, lease or operate the places of public accommodation.

c. Operational

Lastly, plaintiff's discovery of Defendants' operational documents (*e.g.*, manuals, policies and procedures) is directed at showing Defendants' policies and practices have disparately impacted plaintiff.

For the reasons set forth above, plaintiff respectfully requests a pre-motion conference for the purpose of plaintiff's application to make a motion to compel Defendants to immediately provide their responses to Plaintiff's Discovery Demands, with no objections due to waiver.[6]

Thank you for your attention to this matter.

Respectfully submitted,

/s/
Robert G. Hanski, Esq.
Parker Hanski LLC

*Attorneys for Plaintiff*

Pursuant to Moses Ind. Prac. § 2(e), defendants shall respond no later than **February 23, 2024**. Plaintiff shall promptly supplement her letter by filing the discovery demands at issue. *See* Moses Ind. Prac. § 2(b). SO ORDERED.

Barbara Moses
United States Magistrate Judge
February 21, 2024

[6] See footnote 1 *supra*