UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| AMY MEISNER,<br><br>Plaintiff,<br><br>v.<br><br>623 NINTH AVENUE ASSOCIATES, LLC AND LOTUS WEST CORP.,<br><br>Defendants. | **Case No.: 1:23-cv-05833-MMG-BCM**<br><br>**JOINT PRE-TRIAL ORDER** |
|---|---|

**i. The full caption of the action;**

*Amy Meisner v. 623 Ninth Avenue Associates, LLC and Lotus West Corp.*, Case No. 1:23-cv-05833-MMG-BCM

**ii. the names, law firms, addresses, telephone numbers, and email addresses of trial counsel if not already listed on the docket;**

Plaintiff: Robert Hanski, Esq. / Adam Hanski, Esq., Hanski Partners LLC, 85 Delancey Street, New York, NY 10002; (212) 248-7400; rgh@disabilityrightsny.com / ash@disabilityrightsny.com;

Defendants:

623 Ninth Avenue Associates, LLC: Mark Sternick, Esq. 136-20 38th Avenue, Suite 11C, Flushing, NY 11354; (917) 854-4902; mcs.ny.law@gmail.com

Lotus West Corp: Adam C. Weiss, Esq/ Daniel P. Smith, Esq.., The Law Firm of Adam C. Weiss, PLLC, 3 School Street, Suite 303, Glen Cove, New York 11542; (516) 277-2323; adam@acweisslaw.com;

**iii. a brief statement (by each party to the extent their positions differ) of the factual and legal basis for or against subject matter jurisdiction, including citations to statutes and relevant facts as to citizenship and jurisdictional amount;**

Plaintiff's Statement: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff asserts claims under federal law, specifically, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA"). Due to this Court's original jurisdiction over Plaintiff's ADA claims, this Court has supplemental jurisdiction over the claims Plaintiff asserts under state and local law pursuant to 28 U.S.C. § 1367(a) as these claims relate to Plaintiff's federal claims under the ADA.

Defendants Statement: Defendants do not dispute Plaintiff's Statement.

**iv. a brief summary (by each party to the extent their positions differ) of the claims and defenses that remain to be tried, including citations to any relevant statute, and a brief summary of claims and defenses previously asserted that are not to be tried. The summaries shall not recite any evidentiary matter and shall not be argumentative;**

Plaintiff's Claims:   Plaintiff Amy Meisner claims:

1) she is an individual with a mobility disability who requires a wheelchair to ambulate;

2) defendants 623 Ninth Avenue Associates, LLC ("Landlord") and Lotus West Corp. ("La Pulperia", and collectively, "Defendants") own, operate, or lease a place of public accommodation, a restaurant known as "La Pulperia 44" located at 623 9th Avenue, Manhattan, NY (the "La Pulperia 44 restaurant"); and

3) Defendants discriminate against her based on disability in violation of (i) the ADA, 42 U.S.C. §§ 12181 *et seq.*, and its implementing regulations, 28 C.F.R. Part 36 (the "ADA Regs"), (ii) the New York State Human Rights Law, New York Executive Law, §§ 290 *et seq*. ("State HRL"); (iii) the New York State Civil Rights Law, § 40-c and 40-d ("State CRL"); and (iv) the New York City Human Rights Law, Administrative Code of the City of New York, §§ 8-101 *et seq*. ("City HRL") because Defendants maintain architectural barriers to wheelchair access ("Architectural Barriers") at the La Pulperia 44 restaurant which deny her physical access based on disability to the La Pulperia 44 restaurant in violation of the aforementioned laws.

Plaintiff alleges that Defendants unlawfully discriminate against her in violation of:

1) ADA § 12182(a) (Denial of Equal Opportunity) because Defendants treat her, as an individual with a mobility disability (which makes her use of a wheelchair for mobility necessary) less favorably than ambulatory non-disabled persons that desire to dine at the La Pulperia 44 restaurant.

2) ADA § 12183(a)(2) (Denial of Equal Opportunity due to Architectural Barriers) because the La Pulperia 44 restaurant and areas adjacent to the La Pulperia 44 restaurant were altered after January 26, 1992 but, as shown by the Architectural Barriers at these locations, Defendants

   a. failed to make the altered portions of the La Pulperia 44 restaurant readily accessible to and usable by individuals with disabilities to the maximum extent feasible; and

   b. failed to make the paths of travel to the La Pulperia 44 restaurant's altered areas of primary function readily accessible to and usable by wheelchair users to the maximum extent feasible.

3) ADA § 12182(b)(2)(A)(iv) (Failure to Remove Architectural Barriers) because Defendants failed to remove Architectural Barriers at the La Pulperia 44 restaurant even though their removal is readily achievable within the meaning of the ADA.

   a. ADA § 12182(b)(2)(A)(v) to the extent that the removal of any architectural barriers is not readily achievable because Defendants failed to make the goods, services, facilities, privileges, advantages, or accommodations of the La Pulperia 44 restaurant available through alternative methods that are readily achievable.

4) ADA § 12182(b)(1)(A)(ii) (Discrimination due to Unequal Opportunity) because Defendants only provide Plaintiff, due to her disability, the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. Defendants segregate and deny Plaintiff physical access to the La Pulperia 44 restaurant due to her disability in

violation of the ADA, as the following features of the La Pulperia 44 restaurant are not readily accessible to and usable by Plaintiff as a wheelchair user: (i) the exterior routes to and into the La Pulperia 44 restaurant; (ii) the entrances and exits to the La Pulperia 44 restaurant; (iii) the interior paths of the La Pulperia 44 restaurant; (iv) the bars in the La Pulperia 44 restaurant; (v) the dining tables in the La Pulperia 44 restaurant; and (vi) the bathrooms in the La Pulperia 44 restaurant.

5) ADA § 12182(b)(1)(A)(iii) (Discrimination due to Segregation) because Defendants provide Plaintiff, due to her disability "with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals". Defendants segregate Plaintiff due to her disability as in violation of the ADA, the following features of the La Pulperia 44 restaurant are not readily accessible to and usable by Plaintiff as a wheelchair user: (i) the exterior routes to and into the La Pulperia 44 restaurant; (ii) the entrances and exits to the La Pulperia 44 restaurant; (iii) the interior paths of the La Pulperia 44 restaurant; (iv) the bars in the La Pulperia 44 restaurant; (v) the dining tables in the La Pulperia 44 restaurant; and (vi) the bathrooms in the La Pulperia 44 restaurant.

6) State HRL § 296(2)(a) (Denial of Equal Opportunity) because Defendants fail to provide Plaintiff full and equal enjoyment of the La Pulperia 44 restaurant's goods, services, facilities, privileges, advantages, or accommodations as they only provide Plaintiff the opportunity to participate in the La Pulperia 44 restaurant's goods, services, facilities, privileges, advantages, or accommodations in an unequal and separate manner. Defendants segregate Plaintiff due to her disability in violation of the ADA as the following features of the La Pulperia 44 restaurant are not readily accessible to and usable by Plaintiff as a wheelchair user: (i) the exterior routes to and into the La Pulperia 44 restaurant; (ii) the entrances and exits to the La Pulperia 44 restaurant; (iii) the interior paths of the La Pulperia 44 restaurant; (iv) the bars in the La Pulperia 44 restaurant; (v) the dining tables in the La Pulperia 44 restaurant; and (vi) the bathrooms in the La Pulperia 44 restaurant. The foregoing violation of the ADA by Defendants also constitutes a violation of the State HRL pursuant to § 300 of the State HRL, which provides for the liberal construction of the State HRL.

7) State HRL § 296 (2)(c)(iii) – (Failure to Remove Architectural Barriers) because Defendants failed to remove Architectural Barriers at the La Pulperia 44 restaurant even though removal of architectural barriers is readily achievable with the meaning of the State HRL.

   a. State HRL § 296 (2)(c)(v) to the extent that the removal of any architectural barriers is not readily achievable, because Defendants failed to make the goods, services, facilities, privileges, advantages, or accommodations of the La Pulperia 44 restaurant available through alternative methods that are readily achievable.

8) State HRL § 296 (2)(i) (Failure to Make Reasonable Modifications) because Defendants failed to make reasonable modifications in policies, practices, or procedures, necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

9) New York State Civil Rights Laws §§ 40-c and 40-d by unlawfully discrimination against Plaintiff in violation of the State HRL.

10) City HRL § 8-107(4)(a) (Denial of Equal Opportunity) because Defendants refuse, withhold from or deny Plaintiff full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the La Pulperia 44 restaurant. Defendants acts in violation of § 8-107(4)(a) include:

a. their failure to provide that the La Pulperia 44 restaurant is readily accessible to and usable by Plaintiff as a wheelchair user, *i.e.*, complies with the sections of the New York City Building Code, Administrative Code of the City of New York, §§ 27-292 *et seq* and §§ 28-1101 *et seq.* that require the provision of access to persons with physical disabilities; and

b. their segregating Plaintiff, and denying her physical access to the La Pulperia 44 restaurant due to her disability in violation of the ADA as the following features of the La Pulperia 44 restaurant are not are not readily accessible to and usable by Plaintiff as a wheelchair user: (i) the exterior routes to and into the La Pulperia 44 restaurant; (ii) the entrances and exits to the La Pulperia 44 restaurant; (iii) the interior paths of the La Pulperia 44 restaurant; (iv) the bars in the La Pulperia 44 restaurant; (v) the dining tables in the La Pulperia 44 restaurant; and (vi) the bathrooms in the La Pulperia 44 restaurant. The foregoing violation of the ADA by Defendants also constitutes a violation of the City HRL pursuant to § 8-130 of the City HRL, which incorporates the Local Civil Rights Restoration Act 2005, Local Law 85 of 2005, and later local laws that provide for the liberal construction of the City HRL.

11) City HRL § 8-107(15)(a) (Failure to Reasonably Accommodate) because Defendants failed to provide reasonable accommodation for individuals with disabilities that require wheelchairs for mobility, (a class of individuals whose disability is known or should have been known by Defendants) to enable Plaintiff, as person with a disability that requires a wheelchair for mobility to enjoy, on equal terms and conditions, the accommodations, advantages, services, facilities or privileges of the La Pulperia 44 restaurant. Specifically, Defendants failed to remove Architectural Barriers at the La Pulperia 44 restaurant even though their removal would not impose an undue hardship upon Defendants.

Defendants' Defenses: Defendants assert the following affirmative defenses:

Defendant 623 Ninth Avenue Associates LLC ("623 Ninth Avenue Associates LLC")

623 Ninth Avenue Associates LLC first became aware of the ADA issues raised after this action was commenced. The building is 120 years old with entry historically approximately 10" above sidewalk level. The entrance to the restaurant was moved laterally by the tenant from its former location at the left of the premises facing the street to the center of the premises where it constructed a ramp to provide entry for disabled persons. The ramp is not compliant with legal requirements being too steep, with no landing and no handrails. The landlord was not aware of the regulations that apply. 623 Ninth Avenue Associates LLC has had no contact with the plaintiff Amy Meisner.

623 Ninth Avenue Associates LLC subsequently consulted architects and an ADA specialist, assessed the report of plaintiff's expert, and produced a remediation plan that was acceptable to the

plaintiff. It was submitted to the court, approved and entered as an order resolving all issues concerning future accessibility discrimination issues. Any damages and penalties assessed against 623 Ninth Avenue Associates LLC should be minimal given the absence of aggravating factors and 623 Ninth Avenue Associates LLC 's good faith efforts to understand the accessibility issues and remediate.

The only remaining issues as to 623 Ninth Avenue Associates LLC concerns the award of compensatory and punitive damages to the plaintiff. Plaintiff seeks compensatory damages resulting from emotional upset by reason of not being able to enter the restaurant. The complaint states no facts that can support a request for punitive damages against the 623 Ninth Avenue Associates LLC, which recognizes that the plaintiff is entitled to an award of compensatory damages and contends that the amount of the award should be fair and appropriate to the circumstances. As to 623 Ninth Avenue Associates LLC compensatory damages are the sole remaining triable aspect of the case. The only issue remaining as to 623 Ninth Avenue Associates LLC other than damages is not for a jury, but for the court and concerns plaintiff's proof of costs and fees.

623 Ninth Avenue Associates, LLC's Crossclaim against Lotus West Corp. The terms of the lease agreement between 623 Ninth Avenue Associates, LLC and Lotus West Corp. provide that 623 Ninth Avenue Associates, LLC is entitled to judgment against Lotus West Corp. in the amount of any sum entered against it by the plaintiff.

Defendant Lotus West Corp. ("Tenant Defendant")

**v. the number of trial days requested and whether the case is to be tried with or without a jury, without identifying which parties do or do not seek a jury trial;**

The parties anticipate that 2-3 trial days will be required to present the case. This is a jury trial.

**vi. a joint statement summarizing the nature of the case, that may be read to potential jurors during jury selection;**

The plaintiff in this case, Amy Meisner, is a person with a disability as she cannot walk. To move about and travel anywhere Ms. Meisner must use her wheelchair. Ms. Meisner claims that the defendants in this case discriminate against her in violation of the laws that prohibit disability discrimination as they own, operate, and lease space for a restaurant that she alleges is not accessible to her as a wheelchair user.

The restaurant at issue in this case is known as "La Pulperia 44". La Pulperia 44 is located within the building at 623 9th Avenue in Manhattan, New York.

Defendant Lotus West Corp., one of the defendants in this case, owns and operates La Pulperia 44. This defendant will be referred to as the Restaurant Defendant. Defendant 623 Ninth Avenue Associates, LLC owns the building located at 623 9th Avenue in Manhattan, NY, where the La Pulperia 44 restaurant at issue is located and leases the ground floor restaurant space to Lotus West Corp. This defendant will be referred to as Landlord Defendant or 623 Ninth Avenue Associates LLC.

By filing her lawsuit, Ms. Meisner sought to have the Defendants compelled to make the La Pulperia 44 restaurant accessible to wheelchair users. Ms. Meisner also seeks compensatory

damages for emotional distress and punitive damages from Defendants for their violations of her rights under the NYSHRL and NYCHRL.

The defendant 623 Ninth Avenue Associates LLC contends that it became aware of the issues raised by the plaintiff when this action was filed. It agrees that conditions were to be remediated and has agreed to do so. 623 623 Ninth Avenue Associates LLC contends that it has acted in good faith to remediate and correct the conditions in issue in this case.

The specific laws that Ms. Meisner alleges that Defendants violated are Title III of the Americans with Disabilities Act, the New York State Human Rights Law, Article 15 of the Executive Law, the New York State Civil Rights Law, and the New York City Human Rights Law, Article 8 of the Administrative Code.

As to Landlord Defendant, the issues that must be decided are the amount of compensatory damages and punitive damages which should be awarded to Ms. Meisner, and the amount of any statutory penalties under the Section 40-d of the NY State Civil Rights Law that should be imposed against Landlord Defendant.

As to Restaurant Defendant, the issues that must be decided are the injunctive relief required to make the restaurant premises wheelchair accessible, the amount of compensatory damages and punitive damages which should be awarded to Ms. Meisner, and the amount of any statutory penalties under the Section 40-d of the NY State Civil Rights Law that should be imposed against Restaurant Defendant.

**vii. a list of people, places, and institutions that are likely to be mentioned during the course of the trial, to be read to potential jurors during jury selection;**

1) People Likely to Be Mentioned:

a. Ms. Amy Meisner

b. Attorney Robert G. Hanski

c. Attorney Adam S. Hanski

d. Attorney Adam Weiss

e. Aida Villoria, R.A.

f. Joaquin Roberto Martinez Martinez

g. Victor Medina

h. Christina Ting

i. Attorney Mark Sternick

j. Paul Farber

k. John Choi

l. How Zan

2) Places Likely to be Mentioned:

a. 623 9th Avenue, the address of the building in which defendants' place of public accommodation, the La Pulperia 44 restaurant, is located

b. La Pulperia 44, the place of public accommodation at issue in this matter

    3) Institutions or Companies Likely to Be Mentioned:
   a. 623 Ninth Avenue Associates, LLC
   b. Lotus West Corp.
   c. The City of New York ("NYC"), and its various governmental agencies, including: the NYC Department of Buildings,
   d. KMA, LLC
   e. Hanski Partners LLC
   f. The Law Firm of Adam C. Weiss, PLLC
   g. The Law Offices of Mark C. Sternick, Esq.

**viii. a statement of whether all parties have consented to trial by a Magistrate Judge, without identifying which parties do or do not consent;**

The parties do not consent to trial by a Magistrate Judge.

**ix. any stipulations or agreed statements of fact or law to which all parties consent. In a jury case, the parties should memorialize any such stipulations or agreed statements of fact or law in a standalone document that can be marked and admitted at trial;**

1) Plaintiff is a wheelchair user.
2) Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.
3) Defendants are licensed to do and do business in New York State.
4) Defendant 623 Ninth Avenue Associates, LLC owns the building located at 623 9th Avenue in New York County, New York.
5) Defendant Lotus West Corp. operates the space occupied by the La Pulperia 44 restaurant at 623 9th Avenue in New York County, New York.
6) Defendant Lotus West Corp. owns, operates, and manages the La Pulperia 44 restaurant at 623 9th Avenue in New York County, New York.
7) Defendants 623 Ninth Avenue Associates, LLC and Lotus West Corp. are public accommodations.
8) The La Pulperia 44 restaurant located at 623 9th Avenue in New York County, New York is a place of public accommodation.
9) Defendants 623 Ninth Avenue Associates, LLC and Lotus West Corp. and the La Pulperia 44 restaurant are each subject to the ADA, the State HRL, City HRL and State CRL.
10) Defendant 623 Ninth Avenue Associates, LLC has a written lease agreement with Joaquin Roberto Martinez for the space occupied by the La Pulperia 44 restaurant.
11) Joaquin Roberto Martinez is a principal of Lotus West Corp.
12) Amy Meisner and 623 Ninth Avenue Associates LLC entered into an agreement so ordered by the Court which provides for the remediation of all conditions at the restaurant premises which are not wheelchair accessible prior to any future tenant opening for business.

**x. a list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter), a brief summary of the substance of each witness's testimony, and the expected duration of direct- and cross-examination for each witness. Absent leave of Court, a witness listed by both sides shall testify only once, with the defendant permitted to go beyond the scope of the direct on cross-examination) and counsel should confer regarding scheduling;**

Plaintiff's Witnesses

1) Plaintiff Amy Meisner. Plaintiff will testify in person. Plaintiff will testify to the facts and circumstances related to her claim; specifically, regarding the architectural barriers to access Plaintiff encountered at the defendants' place of public accommodation, the La Pulperia 44 restaurant located at 623 9th Avenue in New York County, and the emotional distress she suffered from her experience.

2) Aida Villoria. Ms. Villoria, Plaintiff's Expert Witness, will testify in person regarding her credentials, the accessibility related inspection of the La Pulperia 44 restaurant and her observations from the inspection, including barriers to access observed during the inspection. Ms. Villoria's testimony will include the observations, measurements, solutions and opinions disclosed in plaintiff's expert report.

Plaintiff may also call the following witnesses:

If the need arises, Plaintiff may call the following individuals whom Plaintiff expects will testify in person and these witnesses will be served with a Trial Subpoena to testify at trial:

1) Joaquin Martinez (from Defendant Lotus West Corp);
2) Victor Medina (from Defendant Lotus West Corp).
3) Christina Ting (from Defendant 623 Ninth Avenue Associates, LLC)

Defendants' Witnesses:

Lotus West Corp

1) Joaquin Martinez. Mr. Martinez will testify in person regarding the operations of the restaurant, Defendants' remediation efforts, and that any remaining barriers are not readily achievable. Mr. Martinez will also testify that any penalty assessed against Defendants should be minimal given the absence of aggravating factors and Defendants' good faith efforts to remediate.

2) Victor Medina. Mr. Medina will testify in person regarding the operations of the restaurant, Defendants' remediation efforts, and that any remaining barriers are not readily achievable. Mr. Medina will also testify that any penalty assessed against Defendants should be minimal given the absence of aggravating factors and Defendants' good faith efforts to remediate.

623 Ninth Avenue Associates, LLC

3) Christina Ting. Ms. Ting will testify in person regarding the building, defendants' remediation efforts, entry into a Remediation Agreement, the status of Lotus West

Corp.'s lease.

**xi. a designation by each party of deposition testimony to be offered in its case-in-chief and any counter-designations and objections by any other party. In addition to a designation list, the parties shall provide the complete deposition transcripts with color-coded highlighting indicating the portions designated by each party and the objections listed in the margins. Each party shall also provide a one-page synopsis of the deposition excerpt(s) it plans to offer. Any objections not made are waived;**

Plaintiff: Plaintiff intends to call live witnesses.

Defendants: Defendants intend to call live witnesses.

**xii. a list by each party of exhibits to be offered in its case-in-chief. The list shall contain six columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Authenticity Objection"; (4) "Admissibility Objection"; (5) "Date Identified"; and (6) "Date Admitted." The parties shall complete the first four columns, but leave the fifth and sixth columns blank, to be filled in by the Court during trial. If a party objects to an exhibit, the objection should be noted in the third and/or fourth columns by indicating the Federal Rule of Evidence that is the basis for the objection and any other authority;**

The exhibits the parties seek to admit are provided below. The parties will submit electronic copies of exhibits and a separate exhibit list by email. Each party provides its list of trial exhibits subject to the following reservations of rights:

1) Each party reserves the right not to offer any of the exhibits listed below, or to offer all or any portion of an exhibit.
2) Each party reserves the right to offer and use any of the exhibits for more than one purpose.
3) Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.
4) Each party reserves the right to offer additional exhibits at trial for purposes of impeachment, rebuttal, or rehabilitation.
5) Each party reserves the right to offer, for good cause shown, additional exhibits following the submission of this Pre-Trial Order.
6) Each party reserves the right to use demonstrative aids not listed herein at trial, and will undertake to advise the other parties and the Court of such aids as it intends to use at a reasonable time prior to trial.

Plaintiff's Exhibit List:

| Exhibit No. | Description | Authenticity Objection | Admissibility Objection | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| **PX-1** | Curriculum vitae, of Aida Villoria, Plaintiff's Expert | | | | |
| **PX-2** | Report of Plaintiff's Expert dated June 21, 2024, including the Accessible Entrance Study of the same date | | | | |
| **PX-3** | True and Correct copy of the complaint, dated July 7, 2023 (ECF No. 1). | | | | |
| **PX-4** | Lease made as of July 1, 2020, by and between 623 Ninth Avenue Associates, LLC and Joaquin Roberto Martinez Martinez including all exhibits, riders and amendments and guarantees thereto, for the retail space occupied by the La Pulperia 44 restaurant at 623 9th Avenue in New York County, New York | | | | |
| **PX-5** | Rider to Lease dated July 1, 2020 between 623 Ninth Avenue Associates, LLC and Joaquin Roberto Martinez Martinez including all exhibits, riders and amendments and guarantees thereto, for the retail space occupied by the La Pulperia 44 restaurant at 623 9th Avenue in New York County, New York | | | | |
| **PX-6** | True and Correct copy of the deed between Christina Ting and Alex Wong as grantor and 623 Ninth Avenue Associates, | | FRE 403 | | |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | LLC, as grantee for 623 9th Avenue and its accompanying Real Property Transfer Report |  |  |  |  |
| **PX-7** | 2021 U.S. Return of Partnership Income of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto |  | FRE 403 |  |  |
| **PX-8** | 2021 New York State Partnership Return of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto |  | FRE 403 |  |  |
| **PX-9** | 2021 New York City Tax Return Filing of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto |  | FRE 403 |  |  |
| **PX-10** | 2022 U.S. Return of Partnership Income of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto |  | FRE 403 |  |  |
| **PX-11** | 2022 New York State Partnership Return of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto |  | FRE 403 |  |  |
| **PX-12** | 2022 New York City Tax Return Filing of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto |  | FRE 403 |  |  |
| **PX-13** | 2023 U.S. Return of Partnership Income of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto |  | FRE 403 |  |  |
| **PX-14** | 2023 New York State Partnership Return of 623 Ninth Avenue Associates LLC |  | FRE 403 |  |  |

| | | | | | |
|---|---|---|---|---|---|
| | and all forms, schedules and reports attached thereto | | | | |
| **PX-15** | 2023 New York City Tax Return Filing of 623 Ninth Avenue Associates LLC and all forms, schedules and reports attached thereto | | FRE 403 | | |
| **PX 16** | Notice of Property Value for 623 9th Avenue for 2024-2025 | | FRE 403 | | |
| **PX 17** | May 28, 2025 Consent Order | | | | |

<u>Defendants' Exhibits:</u>

| Exhibit No. | Description | Authenticity Objection | Admissibility Objection | Date Identified | Date Admitted |
|---|---|---|---|---|---|
| **DX-1** | Pulperia Store Lease and Rider 7-1-2025 | | Never Disclosed in violation of FRCP 26 | | |
| **DX-2** | Photographs of the Premises | FRE 901: Unauthenticated; No copies of photographs or other identifying information provided | Never Disclosed in violation of FRCP 26 | | |
| **DX-3** | Remediation Proposal | FRE 901; FRE 1002; 1003 | Never Disclosed in violation of FRCP 26<br>FRE 803<br>FRE 801;<br>FRE 702 Unqualified Expert Testimony;<br>FRE 403 | | |

| DX-4 | May 28, 2025 Consent Order | | | | |
|---|---|---|---|---|---|

**xiii. a statement of each element of damages and, except for intangible damages (e.g., pain and suffering, mental anguish, or loss of consortium), the manner and method used to calculate any claimed damages, and a breakdown of the elements of such claimed damages;**

*As for Injunctive Relief*

With respect to 623 Ninth Avenue Associates LLC, Ms. Meisner claims for injunctive relief are resolved as Plaintiff and Defendant 623 Ninth Avenue Associates, LLC entered into a stipulated agreement that provides Ms. Meisner with accessibility remediation. Pursuant to the stipulated agreement Defendant 623 Ninth Avenue Associates, LLC will remediate the premises occupied by La Pulperia 44 restaurant so that it is wheelchair accessible as required by the ADA Standards for Accessible Design. On May 28, 2025, the Court "So Ordered" the stipulated agreement.

Ms. Meisner's claims for injunctive relief against Lotus West Corp remain.

With respect to her claims under the ADA, plaintiff seeks injunctive relief to compel Tenant Defendant to remediate the ADA violations alleged in her Complaint and in Plaintiff's expert report. Pursuant to 42 U.S.C. § 12188(a)(1) and 28 C.F.R. § 36.406(a)(5)(ii), plaintiff seeks a permanent injunction that compels Tenant Defendant to remediate the La Pulperia 44 restaurant located at 623 9th Avenue in New York County, New York in compliance with the 2010 ADA Standards for Accessible Design.

Plaintiff seeks the same injunctive relief (accessibility remediation) against Tenant Defendant under the NYSRL and NYCHRL. Although the Injunctive Relief sought is the same, the legal analysis used to determine whether Defendants failed to comply with its obligations under the NYSHRL and NYCHRL and therefore discriminated against Plaintiff's rights under these laws are different from the ADA.

Nevertheless, if it is determined that Defendants discriminated against Plaintiff in violation of the ADA, then Defendants have also discriminated against Plaintiff in violation of the NYSHRL and NYCHRL. *United States v. Asare*, 476 F. Supp. 3d 20, 36–37 (S.D.N.Y. 2020) (holding that "any violation of the ADA is automatically a violation of the NYCHRL" based on the Second Circuit Court of Appeals analysis of the NYC Council's 2005 amendments of the NYC HRL in *Loeffler v. Staten Island Univ. Hosp*., 582 F.3d 268, 277–79 (2d Cir. 2009). After the NY Legislature's 2019 amendments to the NYSHRL, the 2d Circuit's holding in Loeffler also applies to the NYSHRL

*As for Damages*

Plaintiff seeks damages for emotional distress against Defendants for violating her rights under the NYSHRL and NYCHRL in an amount to be determined at trial.

Plaintiff seeks punitive damages against Defendants due to their violations of her rights under the NYCHRL in an amount to be determined at trial.

Plaintiff seeks compensatory damages for the pain and suffering, humiliation, degradation, and emotional distress she has suffered under the NYSHRL and NYCHRL.

  Plaintiff seeks damages pursuant to Administrative Code § 8-502. *Nelson v. HSBC Bank*, 87 A.D.3d 995, 997, 929 N.Y.S.2d 259, 262 (2nd Dept. 2011) ("victims of discrimination suffer serious injuries, for which they ought to receive full compensation."). The NYCHRL provides for the award of punitive damages, without limitation, for disability discrimination in public accommodation cases. Administrative Code § 8-502. The standard for awarding punitive under the NYCHRL is "whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 30 N.Y.3d 325, 334 89 N.E.3d 475, 67 N.Y.S.3d 85 (Nov. 20, 2017); and *see also Batten v. Global Contact Services, LLC*, 2018 WL 3093968, at *9 (E.D.N.Y. June 22, 2018) ("The standard for punitive damages under the NYCHRL is even lower [than the Federal standard] and does not require a showing of malice or awareness of the violation of a protected right.).

Plaintiff cannot provide any meaningful quantification of damages because a "computation" for non-economic damages such as damages for emotional distress and punitive damages are not susceptible to meaningful quantification.

Plaintiff seeks prejudgment interest for all damages.

Defendant 623 Ninth Avenue Associates LLC contends that the Complaint fails to allege any acts, conditions or circumstances that can support submission of a punitive damages claim to a jury as against it; or for that matter, against Lotus West Corp.

**xiv. other requested relief; and**

**xv. a statement of whether the parties consent to less than a unanimous verdict.**

The parties do not consent to a less than unanimous verdict.

Date: June 13, 2025

**HANSKI PARTNERS LLC**

By: */s/ Robert G. Hanski*
Robert G. Hanski, Esq.
rgh@disabilityrightsny.com
85 Delancey Street
New York, New York 10002
*Attorneys for Plaintiff*

**THE LAW FIRM OF ADAM C. WEISS, PLLC**

By: */s/ Adam Weiss*
Adam Weiss, Esq.
adam@acweisslaw.com
3 School Street, Suite 303
Glen Cove, New York 11542
*Attorneys for*

/s/ Mark Sternick
Mark Sternick, Esq.
mcs.ny.law@gmail.com
136-20 38th Avenue, 11C
Flushing, NY 11354

Attorney for 623 Ninth Avenue
Associates, LLC

**SO ORDERED:**

______________________________
Hon. Margaret M. Garnett, U.S.D.J.