# HANSKI PARTNERS LLC
85 DELANCEY STREET
NEW YORK, NY 10002
PHONE: 212.248.7400

June 16, 2025

<u>Via ECF</u>
The Honorable Margaret M. Garnett
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:   <u>Amy Meisner v. 623 Ninth Avenue Associates, LLC and Lotus West Corp.</u>
      <u>Case No. 1:23-cv-05833 (MMG)</u>

Dear Judge Garnett:

  We represent plaintiff Amy Meisner in the above-entitled action and write to respectfully request an extension of time, *nunc pro tunc*, to file a Motion *in Limine* to exclude defendants' proposed trial exhibits "DX-1", "DX-2" and "DX-3", respectively identified in the parties' proposed Joint Pretrial Order as "Pulperia Store Lease and Rider 7-1-2025", "Photographs of the Premises" and "Remediation Proposal". (ECF No. 89).

  Plaintiff makes this request as defendant 623 Ninth Avenue Associates, LLC ("Landlord Defendant") did not identify these documents to Plaintiff until the evening of June 13, 2025 (at approximately 5:00pm) — the same day motions *in limine* were due. Even then Landlord Defendant refused to identify with specificity (e.g., Bates numbers) the actual documents designated as Exhibits "DX-1", "DX-2" and "DX-3" in the parties' proposed Joint Pretrial Order, leaving Plaintiff unable to verify whether she received these documents during the discovery process.

  Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to disclose information or witnesses as required by Rule 26(a) or (e) is not allowed to use that information or witness to at trial, unless the failure was substantially justified or is harmless. The Second Circuit has consistently enforced this rule to promote fairness and prevent trial by ambush. See, e.g., *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296–97 (2d Cir. 2006).

  With regard to Exhibit "DX-3", based on Landlord Defendant's June 13, 2025 email (at approximately 5:00pm), Plaintiff believes that Exhibit "DX-3" is the same document the defendants previously listed in an earlier draft of the proposed pretrial order as their expert report—specifically, the "Tristate Accessibility Report.". If so, Exhibit "DX-3" should be precluded for several independent reasons:

  **1.** **Improper Expert Evidence:** Exhibit **"**DX-3" contains opinions derived from the technical and specialized knowledge of Paul Farber of Tristate Accessibility, who is not listed as a trial witness and will not testify. The report is thus inadmissible under Federal Rule of

Evidence 702, which prohibits expert opinions unless the expert is properly disclosed and subject to cross-examination.  Fed. R. Evid. 702.

       2.      **Hearsay:**  Exhibit "DX-3" is inadmissible hearsay under Federal Rule of Evidence 801(c). It was prepared for the purposes of litigation by a non-party who will not testify and thus cannot be cross-examined.  Fed. R. Evid. 801.

       3.      **Not a Business Record:**  Exhibit "DX-3" is not a bona fide business record because it is a document created for litigation, and as such inadmissible hearsay under Federal Rules of Evidence Rule 803 (6).  "[D]ata prepared or compiled for use in litigation are not admissible as business records." *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 632 (2nd Cir. 1994); and *Shambreskis v. Bridgeport and Port Jefferson Steamboat Co.*, 2008 WL 2001877, at *2 (E.D.N.Y. May 8, 2008) ("Moreover, these administrative records are excludable as they appear to have been prepared for purposes of litigation and not in the ordinary course of business.") (internal citations omitted) citing *Messer v. Bd. of Educ. of City of New York,* 2007 WL 136027, *7 n. 11 (E.D.N.Y. Jan. 16, 2007).  Fed. R. Evid. 803.

       4.      **Unfair Prejudice and Risk of Jury Confusion:**  Defendants are introducing Exhibit "DX-3" as a factual report when it is, in fact, an undisclosed expert opinion arising out of the technical and specialized knowledge of Paul Farber of Tristate Accessibility.   This tactic is unfairly prejudicial, misleading to the jury, and violates Federal Rule of Evidence 701, which prohibits fact witnesses from offering opinion testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

      For the foregoing reasons, Plaintiff respectfully requests that the Court permit Plaintiff a short extension of time to file a Motion *in Limine* addressing Exhibits "DX-1", "DX-2" and DX-3", so that Plaintiff may properly brief these important evidentiary issues.

      Thank you for your time and attention to this matter.

                                                    Respectfully submitted,

                                                                    /s/
                                                 Robert G. Hanski, Esq.